MURDOCK, Justice
(dissenting).
This case presents a close question as to whether the assertions by the respondent, Jesse Derrell McBrayer, at his hearing before the disciplinary panel, together with the manner in which he conducted himself and attempted to defend himself at that hearing, were sufficient to trigger the protections afforded by Rule 27(c), Ala. R. Disc. P. After struggling with this issue, I have come to the conclusion that erring on the side of caution in answering this question is consistent with the letter and spirit of the rule. I therefore believe that the Board of Disciplinary Appeals (“the Board”) acted consistently with the rule. Accordingly, I respectfully must dissent from the decision to reverse the decision of the Board. I explain in more detail below my reasons for doing so.
In addition, this case raises concerns regarding the standard of review employed by the Board[2] and the evidentiary standard of proof employed by a panel of the Disciplinary Board of the Alabama State Bar in disciplinary proceedings. These concerns also are explained below.
First, I disagree with the proposition, as stated in the main opinion, that the standard of review by the Board of a decision by a panel as to whether a respondent is entitled to the protections afforded by Rule 27(c), Ala. R. Disc. P., is a “clearly erroneous” standard of review. 20 So.3d at 103. The case cited in the main opinion for this proposition is Tipler v. Alabama State Bar, 866 So.2d 1126 (Ala.2003). Tipler is a case that applied Rule 5.1(d), Ala. R. Disc. P., and, as such, stands for the different proposition that the merits of a factual finding by a panel were subject to *107 review by the Board under the extremely deferential “clearly erroneous” standard.
Prescribing the standard of review as to a determination on the merits of whether a respondent has violated a rule of professional conduct and, if so, whether the discipline imposed by a panel is appropriate, Rule 5.1(d) stated,[3] in part, as follows:
“(d) Scope and Standard of Review. ... When proceedings before the Board of Disciplinary Appeals are conducted, the Board of Disciplinary Appeals shall affirm the decision under review unless it determines, that, based on the record as a whole, the findings of fact are clearly erroneous or that the form or extent of discipline imposed, when considered under the Alabama Standards for Imposing Lawyer Discipline, (1) bears no relation to the conduct, (2) is manifestly excessive or insufficient in relation to the needs and protection of the public, the profession, or the administration of justice, or (3) is arbitrary and capricious. No error shall be predicated on any ground not presented to the Disciplinary Board or the Disciplinary Commission. In affirming, reversing, or modifying a decision or order, the Board of Disciplinary Appeals shall specifically state the reason(s) for its eonclusion(s) and the legal basis on which it relies.”
(Emphasis added.) Thus, the “clearly erroneous” standard was not prescribed by Rule 5.1(d) for the Board’s review of panel decisions regarding procedural matters such as whether to grant a continuance, whether to appoint counsel for a respondent, or whether the conditions that trigger the protections afforded by Rule 27(c) are met.
In this case, the Board states in its order that it reviewed the transcript of the proceedings below and concluded that those conditions were satisfied. I cannot conclude that the Board was in error in this regard. Among other things, I note that McBrayer advised the panel that he suffered from diabetes and a hearing impairment. (That impairment manifested itself on more than one occasion during the hearing before the panel.) Later in the hearing, McBrayer asked and received permission to question witnesses while sitting because, according to McBrayer, McBrayer suffers from “neuropathy and sometimes gets the shakes.” Moreover, as the Board notes in its opinion, McBrayer stated in his opening statement: “I need counsel to help me to — with a sharper mind to know what’s going on as to the matters to be handled.” McBrayer also explained in his opening statement that he had not practiced law in the two years immediately preceding the hearing and that he did not intend to be “very active” in the practice of law in the future “because of [his] medical problem.” Later in the hearing, McBrayer testified that his diabetic condition had “affected [his] mental capabilities to some extent.”
The Bar argues that McBrayer did not preserve the issue of his right to the protections afforded by Rule 27(c). McBrayer’s counsel responds:
“No formal petition or any other stringent requirement is placed upon the respondent by Rule 27(c). If an individual is unable to adequately defend himself, how can he be expected to invoke such procedural protections with the clarity and skill of an attorney? Setting such a high standard to invoke the protection of Rule 27(c) is against the letter and spirit of the rule.”
I believe there is substantial merit to the argument of McBrayer’s counsel and *108 that the Board acted appropriately, and in accord with both the letter and spirit of Rule 27(c), in erring on the side of caution in its determination as to whether McBrayer said or did enough to trigger the protections afforded by Rule 27(c).
Finally, I am concerned about the application of the “clear and convincing evidence” standard of Rule 19(a), Ala. R. Disc. P., in this case. Rule 19(a) states that “[c]lear and convincing evidence shall be the standard of proof in all disciplinary proceedings, including petitions for rein-statements and for transfer to disability inactive status.” In so doing, the rule prescribes the evidentiary standard that must be met in a disciplinary proceeding in order for the panel to enter a final judgment transferring a respondent to disability inactive status. The question presented in this case, however, is whether the conditions necessary to trigger the protections afforded by Rule 27(c) are met. Those protections include the appointment of counsel, if necessary, and the temporary transfer of a respondent to disability inactive status until the panel has had an opportunity to determine whether, in fact, the respondent is unable to adequately defend himself or herself and therefore should be placed on disability inactive status indefinitely. It is the determination on the merits at this latter stage of proceedings, which was never reached in this case, that is governed by the clear-and-convincing-evidence standard of Rule 19(a).

. I recognize that this Court, effective October 6, 2008, rescinded Rule 5.1, Ala. R. Disc. P., which established the Board. See note 1 in the main opinion.

. See note 2 supra.